UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    v.

BERNARD SANTOS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

SEALED INDICTMENT

07 Cr. _____

07 CRIM. 288

## COUNT ONE

(Wire Fraud)

The Grand Jury charges:

### Background

1.  At all times relevant to this indictment, ING Financial Services, LLC ("ING") was, among other things, engaged in the business of providing certain investment and financial services to corporate clients, and maintained an office at 1325 Avenue of the Americas, New York, New York.

2.  At all times relevant to this indictment, BERNARD SANTOS, the defendant, was employed at ING as a Corporate Actions Clerk.  SANTOS' duties included, among other things, receiving requests from ING corporate clients and processing claims calling for payment or distribution of stock dividends.  Certain corporate clients typically notified SANTOS by email, requesting payment on anticipated dividends and providing instructions regarding how the payment was to be made.  ING procedures required SANTOS to print such email requests and complete an internal form requesting payment as the client had instructed. The printed email and internal form was then passed on to other

ING employees who caused the funds to be transferred per the instructions in the printed email and internal form.

### The Scheme to Defraud

3. From in or about October 2005 to in or about January 2006, and from in or about May 2006 to in or about September 2006, BERNARD SANTOS, the defendant, executed a scheme to defraud ING and one of its corporate clients (the "Client") out of hundreds of thousands of dollars in stock dividend funds that belonged to the Client.

4. As a part of the fraudulent scheme, BERNARD SANTOS, the defendant, created and printed documents that appeared to be emails from a representative of the Client, which purported to request payment on particular stock dividends. The phony emails purported to instruct SANTOS to cause the stock dividend payments due to the Client to be transferred to bank accounts that were in fact controlled by SANTOS or his associate: on one occasion an account in the name of Adrienne's Vending Service, and on other occasions an account in the name of SANTOS' associate ("Associate-1"). SANTOS is the sole authorized signatory on the Adrienne's Vending Service account.

5. As a further part of the fraudulent scheme, BERNARD SANTOS, the defendant, prepared the internal ING forms requesting payment in the manner purportedly requested in the phony emails. SANTOS passed these phony emails and the corresponding fraudulent internal forms to other ING employees, who then executed the transfers as described in the emails and

forms by directing JPMorgan Chase to transfer funds to one of two accounts at Bank of America, as identified in the emails and forms. The following chart summarizes the transfers that occurred in response to fraudulent emails and forms prepared by SANTOS:

| Approximate Date | Approximate Amount | Account Holder |
|---|---|---|
| 10/21/2005 | $19,385.43 | Adrienne's Vending Service |
| 10/26/2005 | $56,248.71 | Associate-1 |
| 11/8/2005 | $17,036.24 | Associate-1 |
| 11/16/2005 | $52,000.00 | Associate-1 |
| 11/23/2005 | $13,520.00 | Associate-1 |
| 12/1/2005 | $80,650.75 | Associate-1 |
| 12/16/2005 | $33,915.00 | Associate-1 |
| 1/3/2006 | $22,440.00 | Associate-1 |
| 6/16/2006 | $40,290.00 | Associate-1 |
| 7/19/2006 | $33,991.95 | Associate-1 |
| 8/7/2006 | $46,282.50 | Associate-1 |
| 8/24/2006 | $55,845.00 | Associate-1 |
| 9/5/2006 | $51,500.00 | Associate-1 |

6.  Each of the transfers summarized in the above chart was wired from a Tampa, Florida facility of JPMorgan Chase to Bank of America in New York, New York.

7.  After receiving the wire transfers summarized in the above chart, Associate-1 transferred at least some of the funds received to BERNARD SANTOS, the defendant, by personal

checks made out to SANTOS.

8.  As a result of the fraudulent scheme, BERNARD SANTOS, the defendant, fraudulently caused ING to direct the transfer of at least approximately $523,105.58 in funds belonging to the Client to accounts controlled by SANTOS or Associate-1, without the knowledge or authorization of the Client or ING.

Statutory Allegation

9.  From in or about October 2005, up to and including in or about September 2006, in the Southern District of New York and elsewhere, BERNARD SANTOS, the defendant, unlawfully, wilfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs and signals for the purpose of executing such scheme and artifice, to wit, SANTOS, while employed at ING, caused at least approximately $523,105.58 in dividend payments intended for an ING customer to be diverted to bank accounts controlled by SANTOS or his associate, by causing those funds to be wire-transferred from accounts in Florida to accounts in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

10. As the result of committing the wire fraud offense, in violation of Title 18, United States Code, Sections 1343 and 2, alleged in Count One of this indictment, BERNARD SANTOS, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including, but not limited to, a sum of money equal to at least $523,105.58 in United States currency, representing the amount of proceeds obtained as a result of the charged fraud offense.

### Substitute Asset Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, BERNARD SANTOS:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third person;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Title 18, United States Code, Section 1343).

_/s/ Grace Lamacchia-Parisi_
FOREPERSON

_/s/ Michael Garcia_
MICHAEL J. GARCIA
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v -

**BERNARD SANTOS,**

        Defendant.

---

**INDICTMENT**

07 Cr.

(18 U.S.C. §§ 1343 and 2.)


                      MICHAEL J. GARCIA
                    United States Attorney.

**A TRUE BILL**

*Grace Lamacchia-Paris*
                                Foreperson.

---

4/11/07 – Filed Sealed Indictment.
A/W Issued.

S/Eaton, Jr. U.S.M.J.